HOMER BUTLER v. THE STATE.

No. 13057. Delivered April 9, 1930.

Reported in 27 S. W. (2d) 813.

The opinion states the case.

*S. F. Leslie* of Bonham, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of fifty dollars and six months in the county jail.

The facts show, from the State's standpoint, that appellant was in a hotel kept by the prosecutrix and her husband. They had a married daughter with whom appellant had been frequently seen, and they objected very much to his attentions to said daughter. The daughter lived in the hotel with her parents. The mother, who is the injured party, upon discovering appellant in said hotel ordered him to leave the premises. She claimed that thereupon he struck her in the face with his fist, breaking her glasses and bruising her. She is corroborated by other testimony. The defensive theory was that said mother assaulted appellant first, and that what he did was because of the said assault upon him, and that he acted purely in self-defense. The contention made by each side has much support, and the issue was one sharply contested.

Appellant complains of misconduct of the jury. He supported the averments of his motion for new trial by the affidavits of two men, in effect, that during the trial and while the jury were separated by permission of the court, and permitted to go to their respective homes and spend the night, these two men rode eight or ten miles with a juror trying the case, and they set up that he discussed the case with them. Both these affiants as well as the juror testified upon the hearing of the motion for new trial. There is not much difference in what each of them testified. The juror in question admitted upon such hearing that on the occasion referred to one of the two men who were with him as he went home mentioned this appellant. The juror said that he stated as follows: "Well I don't know Mr. Butler, but from what I have heard, he is a tough guy." The juror further stated that he had heard long before this trial that Butler, defendant, was a tough guy. Art. 671, C. C. P., forbids a juror in a misdemeanor case wherein the jury have been permitted by the court to separate, from in any way discussing the case. We are not quite able to disassociate a discussion of the character of the defendant in the case, from the idea of this being a discussion of the case, to that extent.

Another bill of exception complains of the argument of private prosecutor. It is stated as a fact in the bill of exception presenting this complaint that said prosecutor, in making the closing argument for the State, said to the jury that the defendant, Homer Butler, was debauching the daughter of Mrs. J. C. Magourik, the injured party, meaning by said argument that the defendant had been having illicit carnal intercourse with said daughter. Appellant objected to the argument, and both orally and in writing requested the court

to instruct the jury not to consider same. These requests the court refused. The bill of exception is qualified by the statement that appellant took the witness stand and voluntarily testified that he had been driving around the country with said daughter who had a husband before and at the time of the assault, and that he had been with said woman on the day of said assault. There is no statement in the bill, and we have found none in the record, justifying the conclusion that appellant had been indulging in illicit carnal intercourse with said woman. The court having certified to the fact of the language used by the private prosecutor, and to the meaning that was ascribed to said language, it seems to us to be an argument that should not have been made, and especially in a case where the testimony was very conflicting, and where such argument might have had a deciding effect upon the jury. There seems little doubt but that the ascription of such understanding, to the acts of the accused, if understood and believed by the jury, would have a prejudicial effect upon them. We are not willing to permit the conviction to stand with the record in this condition.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*